UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Criminal No. 06-311 |
| **BOHDAN SENYSZYN,** | **OPINION** |
| **Defendant.** | |

This matter comes before the Court on pro se Defendant Bohdan Senyszyn's motion to terminate the term, or modify the conditions, of supervised release. For the following reasons, Defendant's request is **DENIED**.

I. <u>BACKGROUND</u>

On September 20, 2007, Defendant pled guilty to a four-court Superseding Information charging him with: (1) one count of filing false returns while being employed as an IRS revenue agent, in violation of 26 U.S.C. § 7214(a)(7) and 18 U.S.C. § 2; (2) tax evasion for the tax year 2003, in violation of 26 U.S.C. § 7201; (3) structuring financial transactions, in violation of 31 U.S.C. § 5324(a)(3), 31 C.F.R. §§ 103.11, 103.22(a) and 103.53, and 18 U.S.C. § 2; and (4) bank fraud, in violation of 18 U.S.C. § 1344. On February 21, 2008, the Court sentenced him to 34 months' imprisonment, followed by five years of supervised release. Judgment, ECF No. 62. The Court imposed standard conditions of supervised release, such as

restricting Defendant's travel to the District of New Jersey. *Id.* at 4. The Court also imposed special conditions, which included a requirement that Defendant "refrain from acting as an accountant, bookkeeper, or in any position where he has access to, or maintains control over, either directly or indirectly, the financial information, records and/or assets of any individual or entity," during the term of supervised release. *Id.* at 3.

Defendant began serving his term of supervised release on August 6, 2010. He filed the present motion on January 7, 2015.[1]

## II.     DISCUSSION

District courts possess wide discretion to grant early termination of supervised release. Under 18 U.S.C. § 3583, a district court may terminate a term of supervised release "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). Early termination is only warranted in "in cases where the defendant demonstrates changed circumstances, such as exceptionally good

---

[1] Defendant also filed a petition to withdraw his guilty plea or to vacate his convictions under 28 U.S.C. § 2255. Mot. to Withdraw Plea And/Or Vacate Judgment, ECF No. 105. He subsequently withdrew that motion after recognizing that he had not obtained authorization from the Court of Appeals for the Third Circuit to file a second or successive Section 2255 petition. Letter dated Feb. 5, 2015, ECF No. 108.

behavior." *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *Id.* at 469.

Defendant seeks to either terminate the remaining period of his supervised release or terminate the conditions of his supervised release that restrict his travel and employment opportunities. Defendant has failed, however, to demonstrate any new or changed circumstances that would warrant early termination of the period or conditions of his supervised release. The record shows nothing more than Defendant's "mere compliance" with the terms of supervised release.

Further, many of Defendant's arguments in support of his motion constitute challenges to the validity of the sentence that the Court imposed on February 21, 2008. The Court lacks jurisdiction to consider those arguments, which amount to an unauthorized successive Section 2255 motion. *See United States v. Abuhouran*, No. 95-560-4, 2010 WL 2490696, at *2 (E.D. Pa. June 16, 2010) *aff'd*, 398 F. App'x 712 (3d Cir. 2010). The Court will thus deny Defendant's motion.

## III. <u>CONCLUSION</u>

For the above reasons, the Defendant's motion is **DENIED**. An appropriate order follows.

                              /s/ William J. Martini
                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  May 26, 2015**